***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission, and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. An employment relationship existed between plaintiff and defendant-employer on or about January 22, 2000.
4. On or about January 22, 2000, defendant-employer had three (3) or more employees regularly employed, and was otherwise subject to the provisions of the North Carolina Workers Compensation Act.
5. Defendant-carrier was the carrier on the risk on or about January 22, 2000.
6. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, on or about January 22, 2000 when she slipped and fell on a patch of ice, injuring her left knee.
7. Defendants accepted the compensability of plaintiff's claim by way of a Form 60 filed February 1, 2000. Defendants paid temporary total disability benefits to plaintiff through September 15, 2000, based upon an average weekly wage of $600.00, and corresponding compensation rate of $400.02.
8. Defendants filed a Form 24 Application on July 18, 2000, based upon Plaintiff's release by her treating physician, Dr. Whitted. Plaintiff objected to the Form 24 Application. The Industrial Commission approved defendants' Form 24 Application on September 15, 2000.
9. Plaintiff did not appeal the Order Approving Form 24 within the time allowed by Industrial Commission Rule 703.
10. Plaintiff has not shown good grounds to reconsider the Form 24 Application. Plaintiff testified at the hearing that she has not returned to work since her injury. Following the hearing, plaintiff filed a "Form 28U" claiming an unsuccessful trial return to work.
11. Dr. Whitted did not assign any permanent partial disability to plaintiff.
12. Plaintiff refused to present for a permanent partial disability evaluation by a physician of defendants' choosing, stating it would violate her religion to be seen by a "corporation doctor."
13. Plaintiff stated at the hearing that she has sought medical treatment on her own, since the approval of the Form 24, with a medical healer accepted by her religion, Ahlid L'jaig Zika (hereinafter "Zika"). Plaintiff submitted a set of documents purporting to be Zika's records. Those documents were not authenticated or admitted into evidence.
14. Pursuant to a post-hearing order issued by the undersigned, the parties attempted to schedule a deposition of Zika, however, plaintiff objected to participating in a live deposition. Neither plaintiff nor Zika provided a valid address at which Zika could be reached. The medical deposition of Zika was never conducted.
15. There is no evidence of record that plaintiff requires any further medical treatment to effect a cure, provide relief, or lessen her period of disability stemming from her injury of January 22, 2000.
16. There is no evidence of record that plaintiff retains any permanent partial disability from her injury of January 22, 2000.
 ***********
Based upon the foregoing Findings of Fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. As of July 18, 2000, plaintiff had reached maximum medical improvement and was no longer disabled from working. N.C. Gen. Stat. § 97-2(9).
2. Plaintiff does not retain any permanent partial disability as a result of her compensable injury. N.C. Gen. Stat. § 97-31.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim for further benefits must under the law be, and is hereby, DENIED.
2. Defendants shall pay the costs of this action.
This the 16th day of February 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER